UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RUFUS WEST,
           Plaintiff,

      v.                                      Case No. 18-cv-1277-bhl

SCOTT ECKSTEIN,
           Defendant.

---

# DECISION AND ORDER

---

In this lawsuit, plaintiff Rufus West alleges that defendant Scott Eckstein held him in Temporary Lock-Up (TLU) longer than necessary in retaliation for filing inmate complaint GBCI-2016-24413. Dkt. No. 13 at 16. Eckstein filed a motion for summary judgment on October 12, 2020. Dkt. No. 18. This order grants the motion and dismisses the case.

## UNDISPUTED FACTS

West is an inmate at Green Bay Correctional Institution (GBCI.) Dkt. No. 20, ¶1. Eckstein was warden at GBCI. *Id*., ¶2. On November 8, 2016, West filed inmate complaint GBCI-2016-24413 about an alleged violation of a settlement agreement from a prior lawsuit. Dkt. No. 29, ¶¶1-2. Eckstein dismissed the complaint on December 9, 2016. *Id*., ¶3.

About a month later, on January 3, 2017, Lieutenant Timothy Retzlaff (not a defendant) placed West in TLU pending investigation into whether West violated Wis. Admin. Code §DOC 303.24 "Group Resistance and Petitions." Dkt. No. 20, ¶3. Security Director John Kind (not a defendant) approved West's placement in TLU the following day, on January 4, 2017. *Id*., ¶4. On January 9, 2017, West was found not guilty of Group Resistance and Petitions. Dkt. No. 29, ¶5.

Two days later, on January 11, 2017, West was issued another conduct report for violation of Wis. Admin. Code §§DOC 303.28 and 303.31 "Disobeying Order" and "Lying." Dkt. No. 20,

¶8. West then wrote a letter to Kind and Eckstein requesting that he be released from TLU because he was found not guilty of Group Resistance and Petitions. Dkt. No. 29, ¶6. Neither responded. *Id.*, ¶7.

On January 11, 2017, and then again on January 18, 2017, Kind reviewed West's placement in TLU and approved its extension because West was awaiting a Major Disciplinary Hearing. Dkt. No. 20, ¶¶7, 9; *see also* Dkt. No. 31 at 3. West was in TLU for a total of 16 days. Dkt. No. 20, ¶11. As warden Eckstein does not become involved in TLU decisions unless placement is extended beyond 21 days. *Id.*, ¶12. After 21 days, a warden must "authorize" extension of TLU. *Id.* Eckstein was not involved in West's placement in TLU or review of TLU extensions. *Id.*, ¶13.

West filed two inmate complaints regarding issues with his TLU placement. *Id.*, ¶¶14-15. Deputy Warden Schueler (not a defendant) dismissed and/or rejected the inmate complaints. *Id.*

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The party asserting that a fact is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## ANALYSIS

Eckstein asserts that he is entitled to summary judgment because he was not personally involved in West's placement in TLU or extension of TLU. Dkt. No. 19. Section 1983 limits liability to public employees who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). He or she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)). Inaction following receipt of a complaint about someone else's conduct is not a source of liability. *Estate of Miller by Chassie v. Marberry*, 847 F. 3d 425, 428 (7th Cir. 2017) ("[P]rison officials who reject prisoners' grievances do not become liable just because they fail to ensure adequate remedies.").

The undisputed evidence establishes that Eckstein was not personally involved in West's placement in TLU or extension of TLU; Retzlaff initially placed West in TLU and Kind approved extension of TLU. West purports to "dispute" Eckstein's lack of personal involvement in this case, *see* Dkt. No. 30 at 1, but he has no evidence supporting this assertion. West's contention that "Eckstein retaliated against him and had him locked up and refused to release him from TLU," *see* Dkt. No. 30 at 1, is conclusory and devoid of any factual support. To the extent West wrote to Eckstein on January 11, 2017, requesting release from TLU, and Eckstein failed to respond and/or take corrective action, inaction following receipt of a complaint about someone else's conduct is not a basis for §1983 liability. Because the undisputed evidence establishes that Eckstein was not personally involved in West's placement or extension of TLU, Eckstein cannot be liable for having

"retaliated" against West by holding him in TLU longer than necessary. Eckstein is entitled to summary judgment and the Court will dismiss this case.

## CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the defendant's motion for summary judgment (Dkt. No. 18) is **GRANTED** and this case is **DISMISSED**. The clerk's office is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 14th day of May, 2021.

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.